UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JAVIER GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>S. SOLO, *et al.*,<br><br>    Defendants. | Case No.: 1:25-cv-00009-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER GRANTING MOTION FOR STATUS<br><br>(Doc. 17) |

Plaintiff Alejandro Javier Gonzalez is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

Plaintiff initiated this action with the filing of a complaint on August 23, 2024, in the Northern District of California. (Doc. 1). On January 3, 2025, that court transferred the action to this Court. (Docs. 4, 5). On March 19, 2025, Plaintiff filed a notice of change of address, providing the Court with an updated address. (Doc. 16). Pending before the Court is Plaintiff's motion seeking appointment of counsel and current status of the case. (Doc. 17).

**II.    DISCUSSION**

    **a.  Motion for Appointment of Counsel**

        **i.  *Applicable Legal Standards***

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions.

1 *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d
2 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28
3 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in
4 "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
5 to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

6  Given that the Court has no reasonable method of securing and compensating counsel, the
7 Court will seek volunteer counsel only in extraordinary cases. In determining whether
8 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
9 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
10 complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (quotations and citations
11 omitted).

12               *ii.   Analysis*

13  First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
14 claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners
15 seeking relief against a governmental entity or officer or employee of a governmental entity. 28
16 U.S.C. 1915A(a); *see also* Doc. 3 at 3-4. Plaintiff's complaint has not yet been screened. At
17 screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly
18 alleged a cause of action or claim entitling the plaintiff to relief. Screening does not test the merits
19 of the allegations, for the Court is to consider factual allegations to be true for purposes of
20 screening. No determination has yet been made as to the merits of Plaintiff's claims.

21  Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light
22 of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court
23 notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See, e.g.*, Docs. 1, 11, 15, 16,
24 17). *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of
25 request for appointment of counsel, where pleadings demonstrated petitioner had "a good
26 understanding of the issues and the ability to present forcefully and coherently his contentions").

27  Neither the claims Plaintiff asserts nor the relevant events and transactions are complex.
28 *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited

1   knowledge of the law, the Court does not find the issues in this case "so complex that due process
2   violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328,
3   1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such
4   discovery does not necessarily qualify the issues involved as 'complex'"); *Maldanado v. Merritt*,
5   No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth
6   Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v.
7   Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023)
8   ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is
9   not complex"). Stated another way, Plaintiff's belief that the claims are complex is not the test.
10  Rather, the type of claim or claims asserted are the subject of the Court's consideration of
11  complexity.

12      To the extent Plaintiff relies upon his indigency and incarceration to support his motion,
13  those circumstances do not qualify as exceptional circumstances warranting the appointment of
14  counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal.
15  Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a
16  prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570,
17  at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his
18  likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v.
19  Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The
20  law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise
21  warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL
22  1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as
23  lack of legal education and limited law library access, do not establish exceptional circumstances
24  that warrant a request for voluntary assistance of counsel").

25      Further, the fact an attorney may be better able to perform research, investigate, and
26  represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at
27  1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied
28  appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly

in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. As such, Plaintiff's motion for appointment of counsel will be denied.

### b. Motion for Status

In his motion, Plaintiff also inquires "what's the status of my case." (Doc. 17 at 1).

As of the date of this Order, the undersigned presides over more than 460 active civil cases in various states of litigation. While the Court regrets the delays in the litigation of this action, they are unavoidable given the tremendous judicial resource emergency experienced throughout this District. Plaintiff's notice of change of address (Docs. 15, 16) was received by the Court, as was Plaintiff's complaint, which will be screened in due course. Further inquiries by Plaintiff about the status of this case will have the inevitable effect of further delaying the action.

### III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for appointment of counsel (Doc. 17) is DENIED.
2. Plaintiff's motion for status (Doc. 17) is GRANTED.

IT IS SO ORDERED.

Dated:   **April 21, 2025**                   _____
                                              UNITED STATES MAGISTRATE JUDGE