UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO JAVIER GONZALEZ, | Case No.: 1:25-cv-00009-JLT-CDB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT |
| v. | (Doc. 26) |
| S. SOLO, *et al.*, | ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION |
| Defendants. | (Doc. 25) |

**Background**

Plaintiff Alejandro Javier Gonzalez ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 12, 2025, the Court issued its first screening order, finding Plaintiff failed to allege any cognizable claims in his complaint and granting leave to file an amended complaint. (Doc. 20). After an extension of time (Doc. 22), Plaintiff filed his first amended complaint ("FAC") on July 15, 2025. (Doc. 23). On August 12, 2025, the Clerk of the Court received from Plaintiff documents totaling 273 pages, including lengthy medical records. On August 18, 2025, the Court directed the Clerk of the Court to return Plaintiff's lodged documents, explaining that the documents were voluminous and may serve to confuse the record and burden the Court, and were not required to screen Plaintiff's FAC. (Doc. 24).

Pending before the Court are two documents filed by Plaintiff. On September 29, 2025,

Plaintiff filed a document titled "motion for clarification" (Doc. 25) and, on February 5, 2026, he filed a document titled "motion for extension of time" (Doc. 26).

**Discussion**

**A.  Motion for Extension of Time**

In his motion, Plaintiff does not state for which obligation he seeks to extend his time to comply.  *See* (Doc. 26).  Plaintiff has already filed his FAC and the Court has received it.  *See* (Doc. 23).  The FAC will be screened in due course.  As Plaintiff does not set forth what deadline he seeks extended, and Plaintiff has already filed his FAC pending screening, the Court will deny the motion for extension of time as moot.

**B.  Motion for Clarification**

In his motion for clarification, Plaintiff states that he lodged documents with the Court "because [he] thought that's what the [Court] was asking form me," and that the documents are "what supports [his] claim."  Plaintiff states that he is unsure of "what's being asked on the subject of paperwork" and is "confused as to what [he] need to fix or do [sic]."  (Doc. 25).

The Court noted in its order returning Plaintiff's lodged documents that "Plaintiff is permitted to attach exhibits to his complaint *but they are not necessary pursuant to the federal system of notice pleading*."  (Doc. 24 at 2) (citation omitted; emphasis added).

Further, in the first screening order, the Court advised Plaintiff that "the Court may elect not to consider factual allegations that are *not specifically pled in his complaint itself*.  It is not sufficient that such allegations are included across multiple attachments to the complaint.  Additionally, Plaintiff must specifically allege under which theories or sources of law he brings his claims."  (Doc. 20 at 14) (emphasis added).  Plaintiff was additionally advised that "Plaintiff must assert any factual allegations he wishes the Court to consider within the body of the complaint.  Factual allegations included only in attachments to the complaint are insufficient."  *Id.* at 15 (citation and emphasis omitted).

In sum, Plaintiff must specifically allege all facts that support his claims within the complaint itself.  Plaintiff may not simply attach exhibits to support his claims.  Plaintiff may choose to attach exhibits where relevant and provide citations to those exhibits to support his

claims, but regardless, he must expressly allege the facts that those exhibits support within the body of the complaint itself. Plaintiff may not attach extensive exhibits, such as lengthy medical records, with numerous pages that will only serve to burden the Court. In any event, the Court has received Plaintiff's FAC and it will be screened in due course.

Thus, Plaintiff's motion for clarification will be granted.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (Doc. 26) is DENIED as moot; and

2. Plaintiff's motion for clarification (Doc. 25) is GRANTED.

The Court has received Plaintiff's first amended complaint and it will be screened in due course.

IT IS SO ORDERED.

Dated:    **February 11, 2026**                          _____
                                                                   UNITED STATES MAGISTRATE JUDGE

3